# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VICTOR L. JOHNSON,

    Petitioner,

-vs-                                        Case No. 8:10-CV-1443-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,[1]

    Respondent.
_____/

## ORDER

THIS CAUSE was initiated upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Now before the Court is Petitioner's second amended petition ("petition") (Dkt. 6). After carefully examining the allegations of the petition, the Court concludes *sua sponte* that it may be time-barred under the provisions of 28 U.S.C. § 2244(d). *See Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347 (11th Cir. 2002) (holding that a district court possesses discretion to raise the issue of the timeliness of a § 2254 petition for habeas corpus *sua sponte*).

UPON consideration of the petition, it is **ORDERED** that:

1. Respondent, within **TWENTY-FIVE (25) DAYS** from the date of this Order, shall file a limited response to the petition (Dkt. 6) in which he addresses only whether this

---

[1]In his petition, Petitioner named the State of Florida as Respondent. Nonetheless, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody."

action was timely filed under 28 U.S.C. § 2244(d). On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996. This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The limited response shall state whether the petition was filed within the above-quoted period of limitation, and contain a detailed explanation of how the petition was or was not filed within the applicable period, with an authenticated copy of Petitioner's state court record

sufficient to enable this Court to determine when Petitioner's conviction became final and any applicable tolling as a result of the filing of post-conviction motions.

2. Before counsel has appeared for Respondent, Petitioner shall send to Respondent a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court. After counsel has appeared for Respondent, the copy shall be sent directly to counsel for Respondent, rather than to Respondent personally.

3. Petitioner shall include with the original pleading or other paper that is submitted to be filed a certificate stating the date that an accurate copy of the pleading or other paper was mailed to Respondent or counsel for Respondent. If any pleading or other paper submitted to be filed and considered by the Court does not include a certificate of service upon Respondent or counsel for Respondent, it will be stricken from this case and disregarded by the Court.

4. Petitioner shall advise the Court of his current mailing address at all times, especially if the Petitioner is released from custody. Failure to do so may result in the dismissal of this action.

5. Both parties shall insure that all transcripts, briefs and other documentary exhibits accompanying any pleadings which they submit to the Court shall be individually marked for identification and a table of contents or index shall be included to aid the Court in location of such documentary exhibits.

6. After Respondent files a response, Petitioner may reply within **TWENTY (20) DAYS**. If Respondent's response incorporates a motion to dismiss the petition, pro se

Petitioner is advised out of an abundance of caution[2] that the granting of this motion would represent an adjudication of this case which may foreclose subsequent litigation on the matter.

If Respondent's response includes documents in support of a request to dismiss/deny the Petition, the Court will construe this request as a motion for summary judgment. In preparing a response, Petitioner should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure.

Rule 56 provides that when a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Pursuant to Rule 56, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds, but the response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, affidavits, and other documentation. If the motion is granted, there will be no evidentiary hearing, and the case will be terminated in this Court.

---

[2] *See Griffith v. Wainwright,* 772 F.2d 822 (11th Cir. 1985), and *Milburn v. United States*, 734 F.2d 762 (11th Cir. 1984), wherein the Court expressed concern about *pro se* litigants in summary judgment cases.

7.  The **Clerk of the Court** is directed to send a copy of this Order, the petition (Dkt. 6), and every paper filed herein, to the Respondent, including the Attorney General of the State of Florida.  A copy of this Order shall also be served on the Petitioner.

**DONE** and **ORDERED** in Tampa, Florida on August 23, 2010.

                                                                    _____
                                                                    JAMES S. MOODY, JR.
                                                                    UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copy furnished to</u>:
*Pro Se* Petitioner
Respondent
Attorney General, State of Florida