# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VICTOR L. JOHNSON,

      Petitioner,

-vs-                                  Case No.  8:10-CV-1443-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,[1]

      Respondent.

_____/

## ORDER

      Petitioner, a State of Florida inmate, filed a Second Amended Petition for Writ of Habeas Corpus (hereinafter "petition") on August 9, 2010 (Dkt. 1).[2]   On September 27, 2010, Respondent filed a response to the petition in which Respondent argues that the petition is untimely and must be dismissed as time-barred (Dkt. 10).[3] After carefully examining Respondent's response/motion to dismiss, the record, and the applicable law, the Court concludes that the petition is time-barred under the provisions of 28 U.S.C. § 2244(d).

---

      [1]In his petition, Petitioner named the State of Florida as Respondent.  Nonetheless, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody."

      [2]Although the Court received Petitioner's original petition on June 24, 2010, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). It appears Petitioner placed his petition in the prison mailing system on June 21, 2010 (Dkt. 1 at pg. 2).

      [3]Petitioner has not filed a reply to the Respondent's response/motion to dismiss, even though the Court granted Petitioner the opportunity to do so (See Dkt. 7 at pgs. 3-4).  Petitioner was also advised that if Respondent incorporated a motion to dismiss the petition in the response, that the granting of the motion would result in dismissal of this case (Id.).  *See Griffith v. Wainwright,* 772 F.2d 822 (11th Cir. 1985), and *Milburn v. United States,* 734 F.2d 762 (11th Cir. 1984), wherein the Court expressed concern about *pro se* litigants in summary judgment cases.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment became final on February 28, 2007, ninety days after the appellate court denied the State's motion for rehearing on November 30, 2006 (Respondent's Ex. 7).[4]  *See, Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002).  Three hundred twenty days (320) days of the limitation period expired before it was tolled by Petitioner's filing of a post-conviction motion on January 16, 2008 (Respondent's Ex. 10).  The state trial court denied Petitioner's post-conviction motion on May 6, 2009 (Respondent's Ex. 11).  On August 17, 2009, Petitioner filed a notice of appeal of the order denying his post-conviction motion (Respondent's Ex. 12).   The appeal, however, was dismissed as untimely (Respondent's Exhibit 13).  Thus, the notice of appeal did not toll the one-year limitation period because it was not "properly filed," for purposes of § 2244(d)(2), since it was

---

[4]The appellate court affirmed the judgment and sentence in all respects except for remanding the case to the trial court with instructions to enter amended judgments and sentences eliminating duplicate court costs and investigative costs.  *Johnson v. State*, 942 So. 2d 415 (Fla. 2d DCA 2006).

untimely. *See Allen v. Siebert*, 552 U.S. 3, 7 (2007) (because petition for postconviction relief was rejected as untimely by the state courts, it was not "properly filed" and petitioner was not entitled to tolling under § 2244(d)(2)).

Thereafter, Petitioner filed his petition for writ of mandamus on September 28, 2009 (Respondent's Ex. 14).   However, the petition for writ of mandamus, and all of the subsequently filed applications for post-conviction or other collateral review, had no effect on the running of the AEDPA's limitation period as they were initiated well after the limitation period expired on Tuesday, July 21, 2009.[5]  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001) ("[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").   Consequently, Petitioner's federal habeas petition, filed on June 21, 2010, is untimely.

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)).  *See also, Holland v. Florida*, 130 S. Court. 2549, 2562 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[5]Petitioner's post-conviction motion was denied on May 6, 2009 (Respondent's Ex. 11).  Thus, he had until June 5, 2009 to file his notice of appeal.  See Fla. R. App. P. 9.110(b).  Therefore, the one-year AEDPA limitation period recommenced to run on June 6, 2009, and expired forty-five days later on July 21, 2009 (320 days + 45 days = 365 days).

circumstance stood in his way and prevented timely filing.") (citation and internal quotations omitted).

In the instant case, Petitioner appears to assert in his second amended petition that he is entitled to equitable tolling because of his "lack of knowledge in legal material. An [sic] don't have no assistance on helping getting motions, or how to get them. Don't have no knowledge on the limitation on filing certain motions..." (Dkt. 6 at pg. 14).  Ignorance of the law, however, generally does not warrant the application of equitable tolling. *See Howell v. Crosby*, 415 F.3d 1250, 1252 (11th Cir. 2005) (refusing to apply equitable tolling where petitioner could not "establish his own due diligence in ascertaining the federal habeas filing deadline"); *see also Jones v. United States*, 304 F.3d 1035, 1044 (11th Cir. 2002) (recognizing that petitioner's claim of ignorance of the law was insufficient to justify equitable tolling where petitioner had filed an untimely motion to vacate his sentence pursuant to 28 U.S.C. § 2255). *See also Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000) ("[M]ere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling . . . .") (citations omitted).   Petitioner has not shown that there were extraordinary circumstances that were both beyond his control and unavoidable with diligence that prevented timely filing of his federal habeas petition.  Therefore, he is not entitled to equitable tolling.  Consequently, the petition must be dismissed as time-barred.

ACCORDINGLY, the Court **ORDERS** that:

1.      The second amended petition for writ of habeas corpus is **DISMISSED** as time-barred (Dkt. 6).

2.      The **Clerk** shall terminate all pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on October 25, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner *pro se*
       Counsel of Record